All right, appeal number 221808 United States v. Jorge Leal. Hello, Ms. Christensen. Good afternoon. Your honors, may it please the court, counsel. My name is Joanna Christensen, I represent the appellant, Jorge Leal. The district court plainly erred in this case by giving both an entrapment instruction and an instruction instructing the jury about the deceptive techniques of the government. The jury was confused and misled, I'm sorry, and Mr. Leal was prejudiced by this decision. We recognize that we have waived this issue in front of the district court, but are relying on this court's more recent cases holding that waiver in such a situation would be a very harsh punishment on Mr. Leal. Ms. Christensen, I have some questions along that line because our case law is not exactly crystal clear on whether or not a no objection waives or forfeits an issue. We have, quite honestly, case law on both sides saying it. Where do you think the line should be drawn on when something is waived versus forfeited when we can review it for plain error on jury instructions? Right. I agree. The case law is not exactly clear, and I think that my understanding from reading it and kind of trying to come to a rule is that it is a waiver. I think it's a classic waiver saying no objection, but in the interest of justice, this court will review for plain error despite the waiver. I think that's- I guess the question is, should that be a waiver? Should no objection be a waiver? I think we may be the only circuit that has held that. I think so. As far as I know. I certainly think so because of the situation we have here. You think no objection should be a waiver as opposed to a forfeited? Well, I think technically it's a waiver, but I think it should still be reviewed for plain error, which also straddles the line of language that we don't use together. Right. Right. If you waive, you waive. Right. Right. I mean, I would hate to muddy the waters of forfeiture in that way, but I think that there should be some exceptions to waiver, and maybe that's what my argument is essentially, is that there's an exception here. We recently, and I know this may be unfair because it wasn't briefed, so if you're not prepared to answer it, that's fine. We recently suggested in the U.S. versus Gann decision that Rule 30 of the Federal Rules of Criminal Procedure requires all jury instructions that are not objected to at the district court to be reviewed for plain error. Do you agree with that? And again, I realize it wasn't briefed, and it's fine to say you're not prepared to address that. I think I did read the Gann decision. It was in a footnote. Right. I read it. I don't think that's unfair, because I think that in general, if there's no objection, that's forfeiture and then plain error. So I think that that is in line with the forfeiture plain error rules. As far as all, I think there are going to be exceptions, and I think, like in this case, there are going to be. Our general forfeiture waiver distinction in the criminal context comes when there's a, we can tell there's been a strategic decision not to object to something. Yes. Is there a way to make that determination with a no objection? It's tough, and it's tough because these direct appeals are based on the record as it exists. And I know that... And here, something took place off the record, so we can't, with the law clerk, we can't tell exactly what happened. Exactly. And I do have, obviously, as an appellate attorney, I have concerns about what takes place off the record, but my job is very limited to the record. Correct. There's a case that, unfortunately, I haven't cited. I know that I'm not supposed to talk about it, but it's an old, older, maybe 20 years ago, Jaime Jaime case, where there was an agreement to a guideline, and there was no objection. And this court held that they couldn't see a reason not to object to this, because it was a clear error in the guidelines. And I'd be happy to file that with the court. And I think that that's what we have to go on here, is that if there's no reason that we can discern, then a defense attorney would fail to object to this, aside from negligence and just the heat of trial, as it is in this case. I think that that's as far as we can go. There's not... The objections don't necessarily fall within the normal heat of trial context, because they're done either before or at some point when you don't have the jury in, and all the other craziness of trial is going on. I think so. I think in this case, because you have this entrapment issue, and the decision on entrapment wasn't made until after all the evidence came in, and then it's a ruling by the district court. Toward the end, we're preparing for closing arguments. I can see where it just slipped through the cracks for defense counsel, and fairly for the district court and the government too. It was actually printed on the jury instruction that the court filed, that they should consider this deceptive techniques, how it influences an entrapment decision by the court. So I would agree this court has gone back and forth, but I come back to that this is a type of case where an exception would be warranted. How could it be plain error if it's in the commentary to a jury instruction and a suggestion? Right. A suggestion, I think it's almost akin to a footnote, an opinion, except it's not a written opinion. But the court's... Well, it's different, because you know jury instructions, the pattern instructions are just guidelines. They haven't been... Sure. Right. ...blessed in any kind of opinion by the court. But certainly I think this court and the instructions committee expects for parties to rely on, and will often affirm, if an instruction comes directly from the pattern instructions. And I think it's appropriate guidance. It's not just that footnote to the instruction. It's also that this court, in McKnight, said, we have some concerns about this instruction. I think the Eighth Circuit took that even further in Struberg with the... ...entrapment case, and said, this has got some real concerns. This deceptive practice, this instruction cuts right through inducement. And that's one of the elements now, if the entrapment instruction is given. I come back to plain error. And if the commentary had said, you should give this if you give instruction, or something more definitive, even then, as commentary, I think there's a challenge. But given that it's just a suggestion, how could that be plain error? I think it's plain error when it prejudices the defendant. That the error is there, the instruction has noted that there's this problem with giving both instructions. And it asks the court to make the consideration. And my argument is not necessarily, although in this case I don't think the entire instruction should have been given, but I think it could have been amended as well in other cases, to cut out part of it that says the government can do this, so as not to undercut the inducement portion of the entrapment issue. So... But in this case, I mean, it just seems to me that the possibility of giving instruction 3.19, you know, had been present from the start of the trial. In other words, I'm trying to figure out why you think the defense was not on ample notice of the need to modify that instruction if and when the court decided to instruct the jury on entrapment. I think... Even though I take your point that it wasn't until late, you know, in the case that Judge Gilbert decided to instruct the jury on entrapment. Sure. I think defense counsel was on notice, and we can assume that defense counsel was on notice, as well as the district court and the government were on notice, I hope, who are all familiar, and were in this situation because defense counsel didn't make an objection. And that goes toward the negligence. I think failing to make that objection when someone is on notice would go toward showing negligence in this case, which would lead us to the exception to the waiver. So I see... Are there other questions? I'm almost out of time completely, but I'll say... You know I'm going to give you your... I do. I've been here all morning, so I'll reserve those minutes. Thank you. I have a question. I shouldn't give it to case one, two, three, and four. All right, go ahead. We're going to Mr. Leggins. Good afternoon, Your Honors. My name is Tom Leggins, and I represented the United States below during the trial of this matter, and I'm here for the appeal today. I have a question that I'd like to get off my mind, if you don't mind. And it's this. If the jury in assessing entrapment was considering Corey's remarks about being a big boy who could make his own decisions and knew what he wanted, might the unmodified language of Instruction 3.19 have caused the jury to think that remarks along those lines were perfectly fine for an undercover agent to make and were not evidence of inducement? I think, Your Honor, I think it's... That's speculative. And... Well, but I'm the one speculating. Can you help me with... And I guess where I was going is you can speculate the other way, as I point out in my brief, that those two instructions can be considered in conjunction as saying deceptive investigation techniques are okay so long as you don't entrap someone, as was explained further in the instructions. So, to the extent, I think that that is my answer to your question, if that's satisfactory. Yes. The... Getting to the question of the case law and what happened in this case and where the line should be... Yeah, I was going to ask you the same series of questions. Where should the line be drawn? And I... And do you agree that our case law is not crystal clear on that? You can find some cases saying no objection is a waiver and some cases saying no objection is forfeited. You know, and it's kind of... I don't know that I... I don't think I found a case where this court has reversed on the principle... Well, that's a separate question, if we've reversed or not, rather than the standard of review. And I think the standard of review in this case is waiver and I think where should you draw the line from my reading of the cases is that when an attorney says no objection and there's evidence in the record that he really meant it. And there is evidence in the record. And how do we determine whether they really meant it or whether it was... By that, I think you mean was it a strategic decision? I don't even know that it has to be a strategic decision. I mean in the sense that you have to delve into the mental state of the defense attorney. We presume that counsel is competent. And I believe in the record in this case, the notion that this was an off-the-cuff, no objection uttered during a rote call jury instruction conference is undermined by the record in this case. And the record in this case is even without the materials I tried to supplement, the record in this case is clear that the parties took the instruction seriously in this case. The judge issued an order, his standard pretrial order, and that's in the record at document 103 instructing the parties to confer before trial. The day after that, which was about 11 or 12 days before trial, I filed a 19-page jury instruction memo which included all the instructions I intended to present for consideration at trial and an analysis of the ones that I thought might be legally fraught. The parties then had our conference as the court directed, and that is reflected in the I believe that's in the record at 105. That was an 11-page memorandum where the attorney raised objections to some of the remaining of the government-submitted instructions. And thereafter, the court then decided the entrapment issue at the defense's request during the middle of trial. Nowhere in any of these discussions did the defendant indicate that he had any objection to government's Exhibit 4, which is what I refer in my brief. Are you familiar with the court's opinion in U.S. v. Gann where it was suggested that Rule 30 requires all, no objections on jury instructions to be reviewed for plain error? I was not familiar with that. I would still, even in light of that, I would persist that in this case, there is an abundant amount of information in the record to indicate that this no objection was not announced in the context of a rote call jury instruction conference. Gann didn't take that into consideration, though. The suggestion in Gann, and it was just a suggestion and a footnote, was that regardless of the reasons why, if it's a no objection, it should always be reviewed for plain error. And you know, I can tell you, just as someone who tries cases on a regular basis, one of the problems I have with that is sometimes terseness and brevity, like no objection, is because you've done all the preparation beforehand for that jury instruction conference because nobody wants the jury waiting. The court doesn't want the jury waiting, and that's why the formal jury instruction conference tends to be no objection or objection, and it's because the parties have put the time in beforehand, which we did. So, I would, I think I would counsel, if you're asking me my opinion on Gann and what you've because it, the district judges know how they want to handle these things. They issue pre-trial orders saying, I want you guys to get together and discuss these. I want these things worked out. I want a very quick formal jury instruction conference for good reasons, and if you layer in this notion that just announcing no objection isn't sufficient, you're necessarily going to prolong a process that everybody's working to constrict. So, you're saying that you all, in this case, had gotten together before the conference? Oh, sure. Okay. We had gotten together, and that's referenced in the jury instruction memorandum that the defense counsel filed in footnote one. He references the conference we had, and that conference was in response to the judge's order to have that conference, and it was in response to my having filed my jury instruction memorandum with all of the attached instructions. So, again, getting back to where do we draw the line, I think it goes back to when they said no objection, did they mean it? That's a good place to draw the line. I think . . . That can be hard to tell sometimes from a record. Maybe not in this case, but that can be hard sometimes. I agree with that. I do have confidence in the judges in our district that they pretty much endeavor to have the parties confer, have the parties make some legitimate . . . We may, obviously, I need to do a better job of making a record of what happened, perhaps, but I think there's enough in the record here. I think we have kind of the fountainhead of this whole notion that no objection might be an exception is in the Natale case, which we have the author of that on the panel, and I mean, he could tell us better than I can, but I believe the import of that case is we just want to make sure that when they say no objection, they mean no objection. And in this case, and I'm not concerned about any cases in the future, but for the purposes of this case, I think it's clear that the no objection was considered. It was deliberate. It's something that the parties spent a great deal of time on jury instructions in this case. And I see I only have 40 seconds left, so I will just say that I agree with Your Honor that to the extent that the provisions in the committee notes are just a suggestion, it cannot, that cannot rise to plain error by itself. And if there are no further questions, I will yield the rest of my time. Thank you. Thank you. Ms. Christians. Yes. Is it your position that pattern instruction 3.19 should never be given in an entrapment case? No, that's definitely not my position because I think it does have a place. The government is allowed to do the things that they did, some of the things. The question is how far does it go toward cutting out an inducement inquiry by the jury? And there's a statement, I didn't bring it up, but the second sentence of the instruction is the government's allowed to do this. And perhaps cutting that out might balance the inducement and deceptive techniques instructions. So what would you cut out? The second sentence where it says the government is allowed, now I can't remember exactly. It's in my footnote in my reply brief, which I of course didn't bring with me up to the bench. But I would, I would cut that second sentence out and perhaps the rest of it then would be. Do you want to get it? Because I'm giving you two more minutes. I think it reads the government is permitted to use these techniques. Yes, that's it. Thank you, Your Honor. Yes, on page eight. And that the government is permitted to use these techniques. Because I think that's the part of the instruction that tells the jury, this is OK. What the government did here is OK. And when you look at that in conjunction with inducement, where the government's got to argue that they did not induce or prove that they did not induce, they can just fall back and rely on that. But everything we do is OK. So without that sentence. Now, in this case, I think it would have been, this case is not a slam dunk evidence wise, certainly in comparison to some of the enticement cases. In this case, I'm not sure it's appropriate at all. In this case, what? I don't think that the instruction on deceptive techniques was appropriate at all. But my argument is that the court should have, the district court should have made that analysis. So unless the court has further questions, I will ask this court to reverse and remand. Thank you. Thank you. And we thank you, Ms. Christensen. And we thank Mr. Leggins. And we hope you have a good trip home. Thank you. Thank you. All right.